Requestor: Timothy M. Bulger, Esq., Village Attorney Village of Greenwich Greenwich, N Y 12834
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
Your village adopted a local law in 1970 that requires removal of existing mobile homes if ownership of the land or mobile home changes. In effect, this local law established that mobile homes were no longer a permitted use in a certain area and provided for the phasing out of existing mobile homes upon change in ownership. You have asked whether the local law is a violation of the property rights of a person who owned a mobile home in this area at the time the local law was enacted.
When zoning regulations are initially adopted to limit permissible uses of property or when property is rezoned so as to prevent uses of property previously allowed, a degree of protection is constitutionally required to be given owners of property using their premises in a manner forbidden by the new regulations. Matter of Harbison v City of Buffalo, 4 N.Y.2d 553,558 (1958). The policy of zoning, however, embraces the concept of the ultimate elimination of nonconforming uses and, therefore, the courts have favored reasonable restrictions upon them. Matter of Harbison,supra, 4 N.Y.2d at 559-560. Nonconforming uses may be terminated after a reasonable period of time during which the owner may have a fair opportunity to amortize his investment and to make future plans. Matter ofHarbison, supra, 4 N.Y.2d at 561. Thus, a zoning law may provide that after a reasonable period of nonconformity the non-conforming use must end. Matter of Harbison, supra, 4 N.Y.2d at p 562.
 "In ascertaining the reasonable period during which an owner of property must be allowed to continue a nonconforming use, a balance must be found between social harm and private injury."
Matter of Harbison, supra, 4 N.Y.2d at p 562. See also, Town of Islip vCaviglia, 73 N.Y.2d 544, 560-561 (1989); Matter of Castore v Breite,167 A.D.2d 799, 801 (3d Dept 1990); 1985 Op Atty Gen (Inf) 66.
You have indicated that mobile homes are not prohibited entirely in your village but are restricted to certain established mobile home parks. You have not indicated whether it is feasible to move the mobile home in question or its present value and we are not in a position to determine other facts that may be relevant. The question whether the local law violates the property rights of the owner must be determined by applying the standards set forth by the Court of Appeals to the particular facts and circumstances. This determination must be made locally.
We conclude that pre-existing, nonconforming uses are subject to reasonable restrictions.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.